[Civ. No. 4084.   Third Appellate District.—March 17, 1931.]

VICTOR VILLEGAS, a Minor, etc., Respondent, v. JOHN STROHM, Appellant.

William G. Snyder and Charles P. Snyder for Appellant.

Joseph H. Huberty for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action for damages arising out of a collision between plaintiff, a bicyclist, and defendant's motor-truck. A verdict in the sum of $3,000 was rendered for plaintiff by the jury, and the appeal is prosecuted from the judgment.

Plaintiff, a minor, was riding his bicycle along Main Street, in the town of Campo Seco. The driver of defendant's truck backed out of an alley which intersected Main Street, and struck plaintiff, who was severely injured.

Appellant contends that the complaint does not state a cause of action in that it is not alleged therein that the accident occurred upon a public highway. The objection is untenable. The second paragraph of the complaint alleges:

"That on the 16th day of February, 1929, at or about the hour of 2:15 o'clock p. m. of said day said plaintiff, Victor Villegas, was riding a bicycle in a southwesterly direction on Main Street, in the Town of Campo Seco, County of Calaveras, State of California, which said roadway and street is and then was a public highway and thoroughfare in the said County of Calaveras, dedicated and used for travel and traffic of various kinds and nature, including the right to ride a bicycle thereon."

The third paragraph alleges that at said time and place the driver of the truck negligently drove his truck so that it was caused to strike plaintiff, setting forth all the details.

The only possible inference which could be drawn from the pleading is that the accident occurred upon Main Street.

It is next contended by appellant that the evidence shows that the accident occurred upon the property of defendant, and not upon a public highway. He introduced evidence of a very unsatisfactory character, which tended to prove that defendant's property line extended ten feet out into the traveled portion of Main Street, defendant being an

abutting owner. It appears that the accident occurred upon the strip of property mentioned. This being the fact, it is argued that plaintiff was a trespasser, and not entitled to the benefit of the California Vehicle Act. This act, at the time of the accident and also at present, contains the following provision:

"Sec. 21. 'Public Highway.' Every highway, road, street, alley, lane, court, place, trail, drive, bridge, viaduct or trestle laid out or erected as such by the public or dedicated or abandoned to the public *or intended or used by or for the general public,* except such portions thereof as are used or prepared for use by pedestrians as sidewalks. The term 'public highway' shall apply to and include driveways upon the grounds of universities, colleges, schools and institutions. The term 'public highway' shall not be deemed to include private driveways, roads or places used by the owner, his guests and those having business with the owner and not intended to be otherwise used, or otherwise used by the general public."

The accident happened at a point on Main Street, which was from four to ten feet out from the westerly boundary of that street, as such boundary is defined by the buildings on that side of the street. The street at this point had the same appearance, with respect to user and travel, as the remainder thereof. There was testimony that this particular portion of the street had been used in general by the public for the past twenty years, and that it was so being used at the time of the accident.

Our conclusion is that the point where the accident occurred was located in a public highway, as defined by the California Vehicle Act. All that is required by said act is that the highway be. used by the general public. There was ample proof that the portion of Main Street, upon which the accident occurred, was, at the time of the accident, and had for some twenty years prior thereto, been used by the general public. We therefore hold that the provisions of the act in question are applicable to this case.

The court admitted in evidence certain declarations of the employee of defendant, made after the accident, which were as follows: "I know it was my fault. I know I backed out too fast and I didn't blow a horn." Such statements constituted no part of the *res gestae,* and they were

636

incompetent and inadmissible. (*Kimic* v. *San Jose-Los Gatos Ry. Co.*, 156 Cal. 379 [104 Pac. 986].)

A portion of the foregoing statement was merely cumulative. There is evidence in the record from other witnesses to the effect that the driver backed out of the alley at an excessive rate of speed, and that he failed to blow his horn. As to those portions of the statement, we take the view that no prejudice resulted to defendant by reason of their erroneous admission. As to the remainder of the statement, where the driver said, "I know it was my fault," we also hold that no prejudice resulted therefrom. This is due to the fact that appellant makes no contention whatever in his briefs, nor did he contend in his oral argument before this court, that defendant's driver was not guilty of negligence. Neither is it anywhere intimated that plaintiff was guilty of contributory negligence. The only discussion of the question of negligence is that which is based upon the theory and assumption that the California Vehicle Act does not apply to the facts of this case. It is virtually conceded by appellant, and not disputed, that if the law respecting negligence, as laid down in the Vehicle Act is applicable, defendant's driver was negligent. This is probably due to the fact that the evidence upon this issue preponderates so strongly in favor of respondent. This ground of lack of prejudice would apply also to the entire declaration.

Other points are urged as grounds for reversal, but they all involve the point which we have discussed.

The judgment is affirmed.